BRANDELL v. SOKOLOWSKI.

DEEDS—FRAUD—CANCELLATION OF INSTRUMENTS—ACCOUNTING.
Finding of trial court that plaintiff who deeded a half interest in a 95-acre farm to defendant sister and her husband had not established fraud on their part entitling him to a cancellation thereof and repayment of sums expended by plaintiff incident to defendants' immigration here from Germany but that plaintiff's actions had been voluntary, *held,* proper.

Appeal from Sanilac; Bach (Arthur M.), J. Submitted June 13, 1956. (Docket No. 70, Calendar No. 46,731.) Decided September 4, 1956.

REFERENCES FOR POINTS IN HEADNOTES
9 Am Jur, Cancellation of Instruments §§ 21, 22, 44.

Bill by Alfred Brandell against Frank Sokolowski and Lucy Sokolowski to cancel deed and for accounting. Bill dismissed. Plaintiff appeals. Affirmed.

*Leonard J. Paterson* (*Macy E. Watkins,* of counsel), for plaintiff.

*Maurice C. Ransford,* for defendants.

DETHMERS, C. J. Suit is for accounting and setting aside a deed. Decree entered for defendants and plaintiff appeals from order denying rehearing.

Plaintiff, a bachelor at the time and long a resident of this country, sent aid over a period of years to distressed relatives in Germany, including defendants who are his sister and her husband. He assisted them in securing passports and immigrating here and furnished $650 for their fares and traveling expenses. Previously, they had written him letters expressing a willingness to repay him for any such expenses to be incurred by him. While they were still in Germany he deeded to them a 1/2 interest in his 95-acre farm. It was the intent of parties that, upon arrival in America, defendants would move onto the farm and operate it on a share basis, plaintiff to have the right to live there with them, although his work was in the city.

Defendants arrived in July of 1951, when it was too late to put in crops for that year. The tillable land was all under lease at that time from plaintiff to a tenant who worked a major portion of it. Defendants went onto the premises, cleaned up, painted and refurbished the house, which had been uninhabited for years, and did other work on the farm. For a time plaintiff furnished them with money for living expenses, apparently in accord with an understanding. In September he became interested in a woman, whom he married the following April.

He brought her to the farm for a visit and thereafter trouble developed between parties. Plaintiff did not furnish defendants with sufficient funds or assistance to sustain them during the winter, neighbors brought them groceries, and, finally, defendant husband was compelled to find employment in a nearby city. Sometime prior to April 20, 1952, plaintiff extended the mentioned lease covering the tillable land to the tenant for another year, commencing as of that date. In November of 1952, defendants left the farm.

Plaintiff says he executed the deed to satisfy immigration requirements for assurance that defendants would not become public charges and in reliance upon their promises to operate the farm and keep house for him. He contends that the conveyance was obtained by defendants through fraud in that they never intended to work the farm or keep house for him and refused to do so after their arrival. The court found that plaintiff made the conveyance without defendants' knowledge or any solicitation or agreement on their part. This the record sustains. He testified that when he executed the deed he had considered it a nullity because it bore no revenue stamps and the $1 consideration therein recited had not been paid to him, but that he had executed and recorded the deed on the advice of a justice of the peace whose counsel he had sought and who had advised him to pursue such course to satisfy immigration requirements. We are in accord with the finding of the trial court that plaintiff did not establish fraud on the part of defendants entitling him to a cancellation of the deed.

Plaintiff also seeks accounting and repayment of sums furnished to and expended on behalf of defendants, as above outlined. Despite statements in defendants' letters sent from Germany expressing a desire to repay plaintiff in the future, we agree with

the trial court's finding that plaintiff's assistance was given voluntarily, without expectation of repayment, and not in reliance upon promises to repay.

While it is evident that plaintiff had expected that defendants would work for him on his farm, it is equally clear that defendants came to this country in good faith expecting to do so and did perform insofar as circumstances and plaintiff permitted. His leasing of the tillable land to tenant prior to their arrival in 1951 and again for the year 1952, his failure to adequately provide for them before they could harvest a crop, and the incidents attending the trouble which developed between them, negate any idea of fraud on the part of defendants in securing plaintiff's assistance and indicate that failure on their part to perform fully as expected was due primarily to the course pursued by him.

Affirmed, with costs to defendants.

SHARPE, SMITH, EDWARDS, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.